[Crim. No. 993. Third Appellate District.—November 29, 1927.]

THE PEOPLE, Respondent, v. BUD GIBBS, Appellant.

R. M. Hardy for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WEYAND, J., *pro tem.*—The defendant was convicted in the superior court of the county of Lassen of the crime of grand larceny. He appeals from the judgment of conviction. The only alleged error of the trial court, claimed by the appellant, is that the conviction was had on the uncorroborated testimony of an accomplice, one Paul Hendron.

The question thus presented is properly severable into two parts: First, Was the witness, Paul Hendron, an accomplice? And, second, If he were an accomplice in the commission of the crime, was there at the trial other evidence in corroboration of Hendron's testimony?

A conviction being had, we will not concern ourselves with a full recital of all the testimony. There are some disputes in the testimony as to certain facts, but we will content ourselves with stating so much of the evidence as could be said to support the judgment of conviction, and we will not concern ourselves with the disputed matters.

The testimony of witnesses, other than said Hendron, disclosed that the Susanville Country Club had a club-house some fourteen miles distant from Susanville, in Lassen County. On October 25, 1926, in the night-time, this club-house was entered by someone, and a number of blankets, comforters, sheets, and other like articles, a number of electric light globes, together with a radio and fixtures, were stolen therefrom. No one saw the perpetrator. The theft was accomplished by breaking into the club-house. At the time the club-house was closed for the winter season. Tracks disclosed that an automobile had been parked on the "top of the hill" near the club-house. Some electric light globes had been dropped where a machine had been parked "on the top of the hill," near the club-house, on a public road.

Many of the stolen blankets, comforters, and like articles were found some months later in the house of one Susie A. Sorahan, in the town of Susanville. They were in some old trunks in a back room.

Susie A. Sorahan was a cousin of defendant, and she ran a lodging-house in Susanville, at which various people lodged. The defendant had roomed at the Sorahan house at times, about the date of the theft and thereafter. The radio and fixtures were traced some months later into the

possession of the witness, Paul Hendron. Upon being arrested, defendant Gibbs asked to see the warrant of arrest, and then asked the arresting officer if he "had been down to Susie's." It was further proven as an independent fact that defendant had been seen by various people, upon many occasions, with Susie A. Sorahan.

Paul Hendron, the alleged accomplice, gave testimony at the trial to the effect that he did assist the defendant in the following manner only. Hendron testified that on the night in question he was asked by the defendant Gibbs to take defendant out of town, to a place on the public road, near the said club-house, which Hendron did, in his, Hendron's automobile. According to Hendron's version, he was to leave Gibbs near the club-house and go back to town and return by a different route at a later hour. Hendron did take Gibbs to the place near the club-house and returned to town, going later in the night to about the same place, and was hailed by Gibbs at a point on the road near the club-house. Gibbs then told Hendron to drive a short distance further along the road, saying: "I got some stuff to take in." On going a short distance to the "top of the hill," Gibbs requested Hendron to stop his machine. At this place Gibbs and Hendron got out of the car and loaded therein three bundles wrapped in blankets. One of these bundles contained the radio and fixtures. Hendron testified that he knew nothing of the theft. He says that his idea was that Gibbs was out that night to get some illicit liquor from a still that he knew had been in that locality. On arriving in Susanville this property, excepting the radio, was left at Susie A. Sorahan's house. Hendron helped unload the bundles, Gibbs taking them into the same house where they were afterward found by the officers. Gibbs then and there gave Hendron the radio as compensation for the use of Hendron's machine. That night Hendron took the radio to another place in town, where he was then living. A few days later, at the request of Gibbs, Hendron removed the radio from this house and took it into the woods, where there was an abandoned sawmill, at which he had formerly worked, and there buried the radio in a sawdust pile. He later brought it to town, removed the number plate and sold it.

■ Usually the accomplice comes upon the stand admitting his complicity in the commission of the offense. It is then purely a question of law for the trial court to determine. Under facts as shown here, it is a question for the jury to determine whether or not the witness is an accomplice. Under this evidence they could have determined as a fact that Hendron was not an accomplice.

In Corpus Juris, volume 16, page 677, it is said: "The question of complicity is one to be decided by the jury where, although there is evidence tending to connect the witness with the crime, the facts are disputed or susceptible of different inferences." The note to the above text cites *People* v. *Coffee*, 161 Cal. 433 [119 Pac. 901]. In that case, at page 448, the true definition of an accomplice is stated.

■ In the present case the alleged accomplice denied complicity in the theft. The jury having found that the defendant was guilty, the record, as we view it, should now be sustained upon the theory that they believed he was not an accomplice.

■ Assuming, however, that Hendron was an accomplice, we are of the opinion that the corroboration was sufficient to sustain this conviction. The stolen property was found at the home of Susie A. Sorahan, where Hendron said it was taken. This woman was a cousin of defendant. Defendant had lived at her house. When arrested, defendant, after asking to see the warrant of arrest, inquired of the officer if he "had been down to Susie's." The defendant was arrested some distance from Susanville. The proof shows that, independent of Hendron, defendant immediately thought of "Susie's" house. The stolen property was found there.

The decisions have not, and, perhaps, cannot, lay down an inflexible rule as to just what degree of corroboration must be had of the testimony of an accomplice. In 16 Corpus Juris, page 704, it is said: "If he (the accomplice) is corroborated as to some material fact or facts this is sufficient to authorize an inference by the jury that he has testified truly even with respect to matters as to which he has not been corroborated, and thus sustain a conviction." This text is supported by a large number of California cases.

The judgment should be affirmed, and it is so ordered.

Plummer, J., and Hart, Acting P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1928.

All the Justices concurred.